

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00305-CR

_____

MICHAEL DEGRATE, Appellant

V.

THE STATE OF TEXAS

On Appeal from 396th District Court
Tarrant County, Texas
Trial Court No. 1647990

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Michael DeGrate appeals his conviction for the offense of assault on a family or household member with a prior conviction, a third-degree felony, for which the trial court sentenced him to six years' imprisonment. *See* Tex. Penal Code §§ 12.34(a), 22.01(a)(1), (b)(2)(A)(i)(a). DeGrate's court-appointed appellate counsel concluded that his appeal was frivolous and filed a motion to withdraw along with a brief in support of that motion. After reviewing counsel's motion and the record, we agree, grant counsel's motion to withdraw, and affirm the trial court's judgment.

## I. DISCUSSION

The State alleged in the indictment that DeGrate had committed the offense of assault on a family or household member with a previous conviction, a third-degree felony. *See id.* § 22.01(a)(1), (b)(2)(A)(i)(a). DeGrate and the State entered a plea bargain in which he agreed to plead guilty and the State agreed to recommend deferred-adjudication community supervision for three years. The trial court accepted the plea bargain and, on December 20, 2021, signed an order placing Degrate on deferred adjudication community supervision for the agreed-upon three years.

About a year and a half later, on June 16, 2023, the State filed a petition to proceed to an adjudication. Thereafter, on April 1, 2024—still within DeGrate's three-year period of community supervision—the trial court did not proceed to an adjudication but, instead, signed an order extending DeGrate's original period of community supervision three years or, effectively, until December 20, 2027.

Within this extended period of community supervision, on June 23, 2025, the State filed its "first" amended petition to proceed to an adjudication.[1] The State alleged eight violations of community supervision. At the hearing on the State's petition, the State waived one allegation and DeGrate pleaded true to the remaining seven allegations. The trial court proceeded to find DeGrate guilty and sentenced him to six years' imprisonment. *See id.* § 12.34(a) (providing range of not more than ten years or less than two years imprisonment for third-degree felony).

DeGrate's counsel—after determining that DeGrate's appeal was frivolous— filed a motion to withdraw and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's motion and brief meet the requirements of *Anders* by presenting a professional evaluation of the record showing why there are no arguable grounds for relief. *See id.* at 744, 87 S. Ct. at 1400. Additionally, in compliance with *Kelly v. State*, counsel provided DeGrate with copies of the brief and the motion to withdraw and informed him of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court declare his appeal frivolous. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Counsel also provided DeGrate with a form motion for pro se access to the appellate record, which DeGrate used and which we granted. *See id.* at 319–20.

---

[1] The record also contains a "second" petition to proceed to an adjudication that was filed—counterintuitively—five months before the "first" amended petition. The record shows that the trial court and the parties were not confused and that all proceeded on the "first" amended petition.

Although given an opportunity to file a pro se response to counsel's *Anders* brief, DeGrate has not filed one. The State declined to file a brief but filed instead a letter in which it agreed that DeGrate had no meritorious grounds on which to advance an appeal.

We have carefully reviewed the record and counsel's brief and have determined that this appeal is wholly frivolous and without merit. Nothing in the record arguably supports the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

## II. CONCLUSION

We thus grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 9, 2026